UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| CRAIG M. FRATT, | ) CV 14-0779-SH |
| | ) |
| Plaintiff, | ) MEMORANDUM DECISION |
| | ) AND ORDER |
| v. | ) |
| | ) |
| CAROLYN W. COLVIN, Commissioner, Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

This matter is before the Court for review of the Decision by the Commissioner of Social Security denying plaintiff's applications for Disability Insurance Benefits and social security income. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter Judgment upon the pleadings and transcript of the record before the

Commissioner. The parties have filed their pleadings and their respective briefs in support of those pleadings. The defendant has also filed the certified Administrative Record. After reviewing the matter, the Court concludes that the Decision of the Commissioner should be reversed and remanded.

## I.  BACKGROUND

On February 22, 2011, the Plaintiff Craig Michael Fratt filed an application for Disability Insurance Benefits under Title II of the Social Security Act. He also protectively filed a Title XVI application for supplemental security income on March 10, 2011. For both applications, plaintiff alleged disability beginning September 1, 2008. (See Administrative Record ["AR"] 23; 220-231). The Commissioner initially denied both applications on July 12, 2011, and again upon reconsideration on August 19, 2011. Thereafter, plaintiff filed a written request for hearing on September 14, 2011. On November 28, 2012, plaintiff appeared and testified at a hearing in Moreno Valley, California. (Id.)

The Administrative Law Judge ("ALJ") issued an Unfavorable Decision, finding that plaintiff was not disabled and was capable of performing work that involves no more than simple instructions, occasional interaction with coworkers or supervisors and no interaction with the public, no intense concentration for more than one-hour periods without five-minute breaks, no fast-paced work, and the ability to be absent or "off-task" for up to ten percent of the time. (See AR 23-35). On May 22, 2012, plaintiff sought review of the Unfavorable Decision to the Appeals Council. (See AR 17-19). The Appeals Council declined to set aside the ALJ's Decision, making it final (See AR 1-5, 6-10).

Plaintiff challenges the ALJ's Decision denying disability benefits and supplemental security income. He alleges that the ALJ erred on the following two grounds: (1) granting little or no weight to the mental function assessment of plaintiff's treating physician, and (2) finding that plaintiff's

subjective complaints in support of his disability claim are not credible. Based on the totality of the record, the Court concludes that the ALJ clearly erred in affording plaintiff's treating physician "limited" weight. As such, it is unnecessary to address the remaining issue of plaintiff's credibility.

## **II. DISCUSSION**

It is well settled that a treating physician's opinion is entitled to greater weight than that of an examining physician. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989), citing Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987). However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." Magallanes v. Bowen, 881 F.2d at 751, citing Rodriguez v. Bowen, 876 F.2d 759, 761-62 n.7 (9th Cir. 1989). The weight given to a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the records. 20 C.F.R. § 404.1527 (2004). When a non-treating physician's opinion contradicts that of the treating physician—but is not based on independent clinical findings, or rests on clinical findings also considered by the treating physician—the treating physician's opinion may be rejected only if the ALJ gives "specific, legitimate reasons for doing so that are based on substantial evidence in the record." Morgan v. Apfel, 99 D.A.R. 1855, 1857 (9th Cir. (Or.) Feb. 25, 1999).

In assessing plaintiff's residual mental functional capacity, the ALJ considered medical evaluations conducted by various doctors, including plaintiff's treating physician, Dr. Reddy, as well as examining physician, Dr. Kikani, and non-examining stage agency medical consultants. He gave "significant" weight to the examining and non-examining physician, and "limited" weight to plaintiff's treating physician. The ALJ reasoned as follows:

> Dr. Kikani is a licensed psychiatrist who had the opportunity to personally observe the claimant and perform a thorough

> mental status examination before coming to the conclusion concerning the claimant's functionality. This evaluation is the most thorough evaluation in the record. Dr. Kikani's opinion concerning the claimant's limitations is consistent with the benign objective findings elicited during the mental status examination. It is also consistent with the record as a whole, which documents a conservative course of psychotropic medications and no history of psychiatric hospitalizations. The State agency psychological medical consultants' opinion that the claimant would be limited to simple tasks is also consistent with this longitudinal history and Dr. Kikani's opinion.

(See AR 31).

In giving "limited" weight to Dr. Reddy's testimony, the ALJ stated the following:

> Dr. Reddy noted the claimant's symptoms caused marked limitations that would essentially prevent all work activities (Ex. 8F). Dr. Reddy submitted another letter dated November 2, 2012, indicating that the claimant was essentially confined to his home and had numerous difficulties with everyday situations. He noted the claimant had marked limitations with detailed tasks, with understanding, memory, and concentration . . . Dr. Reddy's opinion that the claimant is disabled and the marked limitations that he assessed in the written statements are is [sic] inconsistent with the treatment record as a whole. Dr. Reddy's treatment notes lack detailed objective findings from mental status examinations that would allow an assessment of the claimant's cognitive functioning and progress on medication. Rather, they contain mostly subjective complaints. Yet, overall evidence shows that the claimant has been on a stable course of conservative oral medications. He showed good cognitive functioning at his evaluation. Dr. Reddy's progress notes show that the claimant was doing better with a medication adjustment . . . Dr. Reddy acknowledged that the claimant's psychotropic medications were effective in controlling the claimant's symptoms, although he felt the symptoms would persist.

(Id.).

Based on the above, plaintiff's argument—namely, that the ALJ erred by failing to provide specific and legitimate reasons supported by substantial evidence for rejecting Dr. Reddy's testimony—holds water. The ALJ's argument that Dr. Reddy's treatment notes lacked objective findings from mental status examinations is simply false. On March 17, 2011, Dr. Reddy did conduct a formal mental status examination that showed a constricted affect,

depressed and anxious mood, and agitation. (See AR 322). Despite the ALJ's conclusion that Dr. Reddy's opinions are inconsistent with the record as a whole, these aforementioned examination results are in fact consistent with the findings from Dr. Kikani's independent examination of plaintiff, which was conducted the following month.

For example, Dr. Kikani found evidence of "excessive anxiety", slightly pressured speech, a depressed and anxious affect, a preoccupation with anxious feelings, traumatic symptoms of chest pain, heart palpitations, dizziness, fear of public places, periodic thoughts of "feeling like giving up", obsessive worrying, and more. (See AR 324-325). These positive findings from both psychiatrists' examinations form more than an adequate basis for Dr. Reddy's mental function assessments, as both doctors found clear evidence to support plaintiff's complaints of fear of leaving his home, self-defeating thoughts, and general anxiety. Thus, defendant's (and the ALJ's) argument that Dr. Reddy's findings concerning plaintiff's disability were incorrectly based on unreliable subjective complaints is also without merit.

Though, as the ALJ pointed out, Dr. Kikani found plaintiff oriented in all three spheres with unimpaired memory and good cognitive functioning (See AR 325), that finding does not undermine Dr. Kikani's additional findings of excessive anxiety, slightly pressured speech, a depressed and anxious affect, thoughts of suicide, and the like. Moreover, the ALJ's determination that plaintiff's medication improved his condition is not a legitimate basis for giving limited weight to Dr. Reddy's opinion. This is especially true in light of plaintiff's November 2011 visit with Dr. Reddy, at which plaintiff complained that he was still experiencing insomnia despite switching medications, and that his "many meds don't work" for him. (See AR 377). At his most recent treatment session in November 2012, plaintiff was still confined to his home and fearful of being in a

car. (See AR 426). Dr. Reddy stated at this session that despite the "controlling effects" of plaintiff's medication, he expected the symptoms to persist. The ALJ noted as much, yet he mistakenly concluded that Dr. Reddy's opinions are inconsistent with the record as a whole.

Lastly, the ALJ claimed that Dr. Reddy did not indicate limitations with regards to plaintiff's ability to perform simple tasks. Though Dr. Reddy found plaintiff "mildly limited" in his ability to understand, remember, and carry out simple instructions (See AR 390), that does not translate to a finding that plaintiff is capable of performing simple work. Even simple and unskilled work entails much more than the mental capacity to understand, remember, and carry out those simple tasks; it also requires (*inter alia*) the ability to maintain attention and concentration, to adhere to a schedule, to be punctual, and to maintain socially appropriate behavior. These are all areas in which Dr. Reddy found plaintiff markedly limited. (See AR 390-391).

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's Decision to determine if: (1) the ALJ's findings are supported by substantial evidence; and (2) the ALJ used proper legal standards. See DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). This Court cannot disturb the ALJ's findings if they are supported by substantial evidence, even though other evidence may exist which supports plaintiff's claim. See Torske v. Richardson, 484 F.2d 59, 60 (9th Cir. 1973), cert. denied, Torske v. Weinberger, 417 U.S. 933 (1974). Based on the foregoing (i.e., the lack of evidentiary support for the ALJ's Decision), it is clear that the ALJ failed to provide specific and legitimate reasons for giving limited weight to Dr. Reddy. Since Dr. Reddy's opinions are clearly supported by sufficient medical data and are consistent with other evidence in the records (including Dr. Kikani's own findings), the ALJ should have given greater weight to Dr. Reddy's findings. All of the reasons proffered by the ALJ were either circular or illegitimate and

unsupported by the record. Therefore, the Court finds that the ALJ failed to satisfy the relevant legal standard and committed a reversible error in giving limited weight to Dr. Reddy's opinion.

## **ORDER**

For the foregoing reasons, it is hereby adjudged that the Decision of the ALJ is reversed and remanded pursuant to Sentence 4 of 42 U.S.C. § 405(g).

Dated: October 7, 2014

_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE